# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>  vs.<br><br>OCTAVIO MORAN-PEREZ,<br><br>                              Defendant. | CASE NO. 10CR2407-LAB<br><br>**ORDER GRANTING IN PART JOINT APPLICATION FOR SENTENCE REDUCTION PER U.S.S.G. AMENDMENT 782**; **18 U.S.C. § 3582** |

      The Court has reviewed the Joint Application for Sentence Reduction in this case and is in general (but not complete) agreement with the parties' recommendation.  First, the point of agreement:  The Court agrees with the parties that the Defendant is eligible for a reduced sentence under Amendment 782 to the United States Sentencing Guidelines ("Guidelines" or "USSG") and 18 U.S.C. § 3582(c)(2).  The disagreement: the parties' revised Guideline calculations ignore clearly established restrictions on which departures may be counted in calculating the revised sentencing range.

**Eligibility for Reduced Sentence Under 18 U.S.C. § 3582(c)(2)**

      A court must follow two steps in considering a motion to reduce a sentence under § 3582(c)(2).  First, it must determine whether a defendant is eligible for a sentence reduction under the Sentencing Commission's policy statement in USSG § 1B1.10.  Second, it must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole

or in part under the particular circumstances of the case. *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).

The United States Sentencing Commission has imposed binding restrictions on a court's ability to retroactively reduce a sentence. 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 821 (2010) ("Any reduction [based on a retroactive change to the Guidelines] must be consistent with applicable policy statements issued by the Sentencing Commission"). One of them applies in this case. A defendant's amended Guideline range is to be calculated without regard to any departure or variance that the defendant originally received, other than one for Substantial Assistance under § 5K1.1. *See* USSG § 1B1.10, *comment.* (n.1(A)) (new Guideline range is to be determined "before consideration of any departure provision in the Guidelines Manual or any variance"); *comment.* (n.3) (making clear that a reduction is not authorized under 18 U.S.C. § 3582(c)(2) if the court's original sentence was outside the Guideline range owing to a departure or variance other than for substantial assistance). In other words, a court must back out from the calculation of the amended sentence range any departure or variance that was given previously, except for a Substantial Assistance departure. *See United States v. Davis*, 739 F.3d 1222, 1225-26 (9th Cir. 2014) (interpreting application of § *United States v. Pleasant*, 704 F.3d 808, 812 (9th Cir. 2013) (amended Guideline range "is derived pre-departure and pre-variance"); *United States v. Mungia-Diaz*, 2015 WL 3956525 at *1 (9th Cir. June 30, 2015) (applying § 1B1.10 to Amendment 782); *United States v. Gutierrez-Zuniga*, 2015 U.S. Dist. LEXIS 97014, at *3, 8, and n.2 (S.D. Cal. July 24, 2015) (same); *United States v. Gonzalez-Rodriguez*, 2015 U.S. Dist. LEXIS 88881, at *2-3 and n.2 (S.D. Cal. July 8, 2015) (same). For some reason, the parties have ignored this restriction and have counted an original 2-level Fast Track (§ 5K3.1) departure in their calculations of the defendant's amended sentencing range.[1]

/ / /

/ / /

/ / /

---

[1] Only by this error do the parties get to a sentencing range of 78-97 months.

The Court originally calculated Moran-Perez's Guidelines as follows:

| | |
|---|---:|
| Base Level: | **34** |
| Acceptance of Responsibility downward adjustment (§ 3E1.1(a)(b)): | **-3** |
| Fast Track departure (§ 5K3.1): | **-2** |
| Substantial Assistance (§ 5K1.1) | **-30 months** |

His Adjusted Offense Level was 29, and with a Criminal History Category of II, his advisory Guideline range was 97-121 months. However, Moran-Perez was subject to a mandatory minimum sentence of 120 months because of the amount of cocaine involved and his criminal record. Under § 5G1.1, his Guideline sentence automatically became 120 months. The Government moved for a 30-month departure for Substantial Assistance under USSG § 5K1.1. The Court granted it and imposed a 90-month sentence.

Under the amended Guidelines, Moran-Perez receives a 2-point reduction from his original Base Offense Level, but that credit is offset because the original 2-level Fast Track departure no longer counts:

| | |
|---|---:|
| Base Level: | **32** |
| Acceptance of Responsibility downward adjustment (§ 3E1.1(a)(b)): | **-3** |
| ~~Fast Track departure (§ 5K3.1):~~ | ~~-2~~ |
| Substantial Assistance | **-30 months** |

Moran-Perez's Adjusted Offense Level is 29, his Criminal History Category remains at II, and his sentencing range stays at 97-121 months. But here is where he benefits from Amendment 782, albeit not in the way the parties contend. Under Amendment 782, courts are required to ignore § 5G1.1 when calculating the defendant's amended sentencing range. *See* USSG § 1B1.10(c) (amended guideline range shall be determined without regard to the operation of § 5G1.1). In other words, although § 5G1.1 originally required the Court to automatically increase the defendant's sentence to 120 months before departing for Substantial Assistance, the Court may now credit his Substantial Assistance against the low

end of his amended sentencing range – 97 months. This means Moran Perez's sentence could be reduced to 67 months.

But eligibility for a sentence reduction is not the same as entitlement to one. Both § 1B1.10(b)(2) and § 3582(c)(2) describe the court's prerogative to reduce a sentence in permissive terms (the court "may" reduce the sentence if the defendant is eligible), and the Supreme Court and the Ninth Circuit have characterized the decision as "discretionary." *Dillon*, 560 U.S. at 827 ("At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, *in its discretion*, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part . . .") (italics added); *United States v. Colson*, 573 F.3d 915, 915-16 (9th Cir. 2009) (referring to the district court's *discretionary* denial of the defendant's 18 U.S.C. § 3582(c)(2) sentence reduction motion). So the question for the Court here is whether the facts and circumstances of Moran-Perez's offense, his background, the Guidelines, and other relevant § 3553(a) factors warrant reducing his sentence, and if so, to what extent?

**§ 3553(a) Analysis**

Moran-Perez's 2010 drug importation offense was resolved by a plea agreement. The Court has reviewed the plea agreement, as well as the Presentence Report and the sentencing transcript in his case. The documents establish the following: On May 21, 2010, the defendant drove into the United States from Mexico through the Calexico port of entry. The car he was driving was registered to him. Before he could cross into the U.S., a drug dog alerted on his car and border guards searched it. They discovered 33 packages of cocaine weighing almost 80 pounds in the fuel tank. Moran-Perez waived his rights and admitted he was being paid $2500 to smuggle the drugs. He also admitted that he had successfully smuggled drugs into the U.S. five earlier times, and that he was paid $2500 each time. He had a prior criminal record, but it was minor. Aside from a juvenile weapon possession charge and an old misdemeanor battery conviction, he was on probation for driving on a suspended driver's license. The latter conviction prevented him (unfairly in the

/ / /

Court's opinion) from qualifying for Safety Valve relief (USSG § 2D1.1(b)(11)), which meant he was subject to a 10-year mandatory minimum sentence.

In ruling on a § 3582(c)(2) motion, the Court is required to consider and discuss relevant § 3553(a) factors. *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013). They include: the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims. The Court has considered all of these factors and, without "ticking off" each one, concludes as follows:

Under § 3553(a)(1), the Court finds that the nature and circumstances of the defendant's offense were aggravated. The offense involved a gigantic quantity of cocaine – even by jaded border district standards. What's more, the defendant had smuggled drugs into the U.S. many times before he finally got caught. He had been paid a significant amount of money by a drug trafficking organization, and he apparently enjoyed the trust of that organization.

A sentence at the low end of the revised sentencing range, which the Court has calculated at 67 months, would not adequately account for these aggravating circumstances – particularly the defendant's serial drug smuggling. Nor would a low end sentence be just punishment for importing 80 pounds of cocaine (or more) into the U.S. or for committing six felony drug smuggling offenses. USSG § 3553(a)(2)(A). Nor would a sentence at the low end of the revised Guidelines range deter others from participating in trafficking in large quantities of drugs. USSG § 3553(a)(2)(B).

The Court has also considered the kinds of sentences available and the need to avoid unwarranted sentencing disparities. Giving the defendant 30 months credit for Substantial Assistance, his amended sentencing range would be 67–91 months. A sentence of 78 months is within the amended Guidelines range authorized by Amendment 782, and is not

disparate with other sentences that the Court has imposed in similar cases – particularly cases involving large quantities of cocaine and defendants who have engaged in multiple smuggling ventures. Balancing all of the relevant § 3553 factors, the Court finds that a 12-month reduction of Moran-Perez's sentence is warranted and equitable.[2]

The Joint Application for Sentence Reduction is **GRANTED IN PART**; the Defendant's sentence is reduced from 90 months to 78 months.

**IT IS SO ORDERED.**

DATED: August 21, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[2] The Court acknowledges that it is not permitted to engage in a de novo resentencing in a § 3582(c)(2) proceeding, USSG. § 1B1.10(a)(3), p.s. ("[P]roceedings under § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."), and is not doing so here. Instead, the Court is merely reevaluating the relevant § 3553(a) factors, including the lower Guideline sentencing range, to determine the degree of sentence reduction that is warranted.